UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GLORIA JUSTIN WIFE OF/AND JEROME JUSTIN | * | CIVIL ACTION NO: |
| | * | |
| | * | SECTION " " |
| VERSUS | * | |
| | * | MAG |
| GREYHOUND LINES, INC. AND CHARTIS CASUALTY COMPANY | * | JURY TRIAL DEMANDED |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

## COMPLAINT

NOW INTO COURT, through, undersigned Counsel, COME Plaintiffs, Gloria Justin Wife of/and Jerome Justin, both of whom are the full age of and majority and residents of and domiciled in the Eastern District of Louisiana, and they respectfully represent the following:

### I. JURISDICTION

1. This Court has jurisdiction over this action pursuant to its diversity jurisdiction in that the matter in controversy in this action exceeds the sum of $75,000 exclusive of interest and costs, and it is between citizens of different states.

### II. VENUE

2. This Court is a proper venue for this action pursuant to 28 U.S.C. Section 1391(a) in that some of the salient events giving rise to Plaintiffs' claims occurred in the Eastern District of Louisiana, and Defendants are subject to personal jurisdiction in this Court.

### III. PARTIES

3. At all times relevant hereto, Plaintiff, Jerome Justin, was a person of the full age of majority and a resident of and domicile in the Eastern District of Louisiana.

4. At all times relevant hereto, Plaintiff, Gloria Justin, was a person of the full age of majority and a resident of and domicile in the Eastern District of Louisiana.

5. At all times relevant hereto, Defendant, Greyhound Lines, Inc. (Greyhound), was a foreign corporation with its domicile and principal place of business both located outside the State of Louisiana.

6. At all times relevant hereto, Defendant, Chartis Casualty Company (Chartis), was a foreign insurer with its domicile and its principal place of business both located outside the State of Louisiana.

7. At all times relevant hereto, Defendant, Greyhound, owned and operated a bus terminal in the City of New Orleans which is located in the Eastern District of Louisiana.

8. At all times relevant hereto, Defendant, Chartis, was licensed to do business and was doing business in the Eastern District of Louisiana.

9. At all times relevant hereto, Defendant, Chartis, had in force and effect a policy of liability insurance which provided coverage to Defendant, Greyhound, in regard to the claims asserted against it herein by the Plaintiffs.

## IV. STATEMENT OF THE FACTS

10. In the beginning of July of 2011, Plaintiffs made plans to travel to Savannah, Georgia, to visit their daughter and their grandchildren.

11. On or about July 17, 2011, in furtherance of their travel plans, Plaintiffs purchased two (2) round-trip tickets from New Orleans, Louisiana to Savannah, Georgia, at the New Orleans terminal of Defendant, Greyhound.

12. At all times relevant hereto, Plaintiffs, Gloria Justin Wife of/and Jerome Justin, were fare-paying passengers on a bus owned and operated by Defendant, Greyhound, and as a result, at all times relevant hereto, Defendant, Greyhound, was a common carrier.

13. On or about July 20, 2011, Plaintiffs traveled to Savannah, Georgia, on a bus owned and operated by Defendant, Greyhound.

14. At all times relevant hereto, Plaintiffs remained in Savannah, Georgia, visiting with their daughter and grandchildren until on or about July 26, 2011.

15. On the evening of July 26, 2011, Plaintiffs boarded a Greyhound bus in Savannah, Georgia, for their return trip to New Orleans, Louisiana, pursuant to the round-trip ticket Plaintiffs' purchased at the New Orleans Terminal of Defendant, Greyhound.

16. The first leg of Plaintiffs' return trip to New Orleans was from Savannah, Georgia to Brunswick, Georgia.

17. During the Savannah, Georgia to Brunswick, Georgia leg of Plaintiffs' return trip, the seat in front of Jerome Justin's seat broke, and the passenger who was occupying that seat had to place a book behind the seat to prevent it from falling on Plaintiff, Jerome Justin.

18. When the bus arrived in Brunswick, Georgia, the passenger who occupied the broken seat disembarked the bus, and the Greyhound bus driver observed the broken seat.

19. The second leg of Plaintiffs' return trip was from Brunswick, Georgia to Jacksonville, Florida.

20. After the passenger who occupied the broken seat disembarked the bus in Brunswick, Georgia, another passenger boarded the bus and occupied the broken seat for the trip to

Jacksonville, Florida.

21. The Greyhound bus driver allowed this passenger to occupy the seat in front of Jerome Justin's despite knowing that the seat was broken.

22. During the Brunswick, Georgia to Jacksonville, Florida leg of Plaintiffs' return trip to New Orleans, all seats on the bus were occupied.

23. Shortly after the Greyhound bus departed the bus station in Brunswick, Georgia, the seat in front of Jerome Justin's seat collapsed, and the seat and its occupant fell on Jerome Justin's knees with great force.

## V. COUNT ONE

24. Plaintiffs, Gloria Justin Wife of/and Jerome Justin, reiterate all the allegations contained in ¶¶ 1-23 herein.

25. At all times relevant hereto, Defendant, Greyhound, was a common carrier, and as such, owed a duty of extraordinary care for the safety of its fare-paying passengers, including Plaintiffs, Gloria Justin Wife of/and Jerome Justin.

26. Defendant, Greyhound, breached the duty of extraordinary care that it owed to the Plaintiffs.

27. The sole legal and proximate cause of the injuries which Plaintiff received when the seat collapsed and fell on Jerome Justin's knees was the negligence of Defendant, Greyhound, in the following non-exclusive respects:

   A) By negligently allowing an unsafe condition which caused injury to the Plaintiffs to exist in its bus;

   B) By negligently failing to take proper steps to eliminate the unsafe condition created by the broken seat in its bus;

    C)    By negligently failing to inspect the seat which fell on Plaintiff's knees;

    D)    By negligently failing to prevent the passenger from sitting in the broken seat in front of Plaintiff's seat despite knowledge that the seat was broken;

    E)    By negligently failing to take appropriate steps to prevent the subject accident; and

    F)    By negligently failing to maintain the seat in front of Plaintiff, Jerome Justin, in a reasonably safe condition.

## VI. COUNT TWO

28. Plaintiffs, Gloria Justin Wife of/and Jerome Justin, reiterate all the allegations contained in ¶¶ 1-26 herein

29. Defendant, Greyhound, is strictly and/or absolutely liable unto Plaintiffs because the broken seat which collapsed and fell on Plaintiff's knees constituted an unreasonably dangerous condition, and Defendant, Greyhound, knew or should have known that the broken seat presented an unreasonably risk of harm to the Plaintiffs prior to the seat collapsing.

30. As a result of the actions and conduct of Defendant, Greyhound, about which Plaintiffs complain herein, Plaintiff, Jerome Justin, has suffered injuries for which he seeks monetary compensation in the following areas and amounts:

    A)    Physical Pain and Suffering . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $120,000.00

    B)    Mental Anguish, Emotional Distress and Embarrassment. . . . . . . . . . . . . $25,000.00

    C)    Medical Expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $45,000.00

    D)    Loss of Income and Earnings Capacity . . . . . . . . . . . . . . . . . . . . . . $100,000.00

    E)    Permanent Disability . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $25,000.00

    F)    Loss of Enjoyment of Life. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $25,000.00

31.  As a result of the actions and conduct of Defendant, Greyhound, about which Plaintiffs complain herein, Plaintiff, Gloria Justin, has suffered damages for which she seeks compensation for the following:

a.  Loss of the Love, Service, Society, and Consortium of her husband, Jerome Justin.

32.  **PLAINTIFFS, GLORIA JUSTIN WIFE OF/AND JEROME JUSTIN, DEMAND A TRIAL BY JURY ON ALL ISSUES.**

Wherefore Plaintiffs, Gloria Justin Wife of/and Jerome Justin, respectfully pray that after due proceedings are conducted and after all legal delays have expired that this Honorable Court render a judgment herein in their favor and against Defendants, Greyhound Bus Lines, Inc. and Chartis Casualty Company, *in solido*, in an amount supported by the evidence, plus legal interest from the date of judicial demand and their costs herein.

Respectfully Submitted,

/s/ Clement P. Donelon
CLEMENT P. DONELON, T.A., (LA. BAR #4996)
3900 N. Causeway Blvd., Suite 1470
Metairie, Louisiana 70002
Telephone: (504) 887-0077
Facsimile: (504) 887-0078
Cpdlaw@aol.com
Clem1@cpdlaw.net
Counsel for Plaintiffs, Gloria Justin Wife of/and Jerome Justin

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GLORIA JUSTIN WIFE OF/AND<br>JEROME JUSTIN | * | CIVIL ACTION NO: |
| | * | |
| | * | SECTION " " |
| VERSUS | * | |
| | * | MAG |
| GREYHOUND LINES, INC. AND CHARTIS<br>CASUALTY COMPANY | * | |
| | * | JURY TRIAL DEMANDED |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

## VERIFICATION

We have read the foregoing complaint in the above-styled matter, and the allegations contained therein are true and correct to the best of our knowledge, information and belief.

_____
GLORIA JUSTIN

_____
JEROME JUSTIN

SWORN TO AND SUBSCRIBED
BEFORE ME, the undersigned authority
this 15th day of March, 2012.

_____
CLEMENT P. DONELON
Louisiana Bar No. 04996
Notary Public No. 36599